# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) |
| PLAINTIFF, | ) No. 3:13-1330 |
| | ) Judge Campbell/Bryant |
| v. | ) ) |
| YD FENCE, LLC D/B/A YARD DOG FENCE, TRIAX, LLC, ANDREW RHODES, and MICHAEL CASPER | ) ) ) ) |
| DEFENDANT. | ) |

**To: The Honorable Judge Todd J. Campbell, United States District Judge**

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Attorneys' Fees, Costs and Expenses against Triax, LLC (Defendant Triax) and YD Fence, LLC d/b/a/ Yard Dog Fence (Defendant YD Fence). (Docket Entry (DE) 29). For the reasons explained herein, the Magistrate Judge **RECOMMENDS** that the Court **GRANT** Plaintiff's Motion in part and **DENY** it in part. The Magistrate Judge **RECOMMENDS** that the Court **GRANT** Plaintiff's Motion as to the attorneys' fees in the amount of $9,647.23 instead of the $10,556.00 requested, and that the Court **GRANT** Plaintiff's Motion for the additional expenses totaling $11,190.70. The Magistrate Judge **RECOMMENDS** that the Court find Defendants jointly and severally liable for these fees and expenses. The Magistrate Judge also **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for "expenses," which are actually costs in the amount of $548.80, and order Plaintiff to file a Bill of Costs pursuant to 28 U.S.C. §§ 1920 and 1924, and Local Rule 54.01(a).

## I. Background and Procedural History

The underlying action arose out of the following events. In January 2012, Plaintiff and Defendant Triax entered into an agreement (the Triax Indemnity Agreement) by which Plaintiff would issue performance and payment surety bonds (the bonds) on behalf of Defendant Triax pursuant to a construction subcontract. (DE 29-1, p. 3). Under the Triax Indemnity Agreement, Vaughn Contractors became the Obligee of the bonds, Andrew Rhodes (Defendant Rhodes) was listed as an officer or director of Triax, and Defendant Triax agreed to the following provisions:

> [I]ndemnify [Great American] against all liability, loss, costs, damages, expenses, counsel and attorneys' fees whatsoever sustained or incurred by [Great American] by reason of executing said bond or bonds, or any of them, in making any investigation on account thereof, in prosecuting or defending any action brought in connection therewith, in obtaining or seeking to obtain a release therefrom, and in enforcing any of the agreements herein contained[.]

(DE 29-1, p. 3; DE 1-1, p. 4).

> [I]n event of payment, settlement or compromise of liability, loss, costs, damages, expenses, counsel and attorneys' fees, claims, demands, suits, judgments, orders and adjudications as aforesaid, an itemized statement thereof, sworn to by any officer of [Great American], or the voucher or vouchers or other evidence of such payment, settlement or compromise shall be conclusive evidence of the fact and extent of the liability of the undersigned, in any claim or suit hereunder, and in any and all matters arising between the undersigned and [Great American], provided such payment, settlement or compromise shall have been made by [Great American] in good faith, believing itself liable therefor, whether liable or not[.]

(DE 29-1, p. 3; DE 1-1, p. 4). When Defendant Triax was unable to complete the project, Defendant YD Fence assumed the obligation and Plaintiff agreed to add YD Fence as a Principal on the bonds. (DE 29-1, p. 3). Plaintiff required YD Fence, Defendant Rhodes, and Michael Casper (Defendant Casper), (the "YD Fence Indemnitors"), to execute another indemnity agreement in November 2012 (the YD Fence Indemnity Agreement). (DE 29-1, p. 3; DE 1-2). Under this agreement, the YD Fence Indemnitors agreed to the following provisions:

> The [YD Fence Indemnitors], jointly and severally, shall exonerate, indemnify, hold harmless and keep [Great American] indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which [Great American] may sustain and incur: (1) By reason of being requested to execute or procure, or having executed or procured the execution of Bonds on behalf of any of the [YD Fence Indemnitors], (2) By reason of the failure of the [YD Fence Indemnitors] to perform or comply with any of the covenants and conditions of this Agreement or (3) In enforcing any of the terms, covenants or conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to [Great American] by the [YD Fence Indemnitors], upon demand by [Great American], as soon as liability exists or is asserted against [Great American], whether or not [Great American] shall have made any payment therefor.

(DE 29-1, p. 3; DE 1-2, p. 3).

> In the event of any payment of any kind by [Great American], the [YD Fence Indemnitors] further agree that in any accounting between [Great American] and the [YD Fence Indemnitors], [Great American] shall be entitled to charge for any and all disbursements made by [Great American] in good faith in and about the matters herein contemplated by this Agreement under the belief that [Great American] is or wall liable for the sums and amounts so disbursed, or that it was necessary or expedient for [Great American] to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers, invoices, an affidavit or other evidence of any such payments made by [Great American] shall be prima facie evidence of the fact and amount of the [YD Fence Indemnitors]'s liability to [Great American].

(DE 29-1, p. 3; DE 1-2, p. 3). Ultimately, Vaughn Contractors declared the Principals in default on the subcontract and asserted a claim under the performance contract. (DE 1, p. 9). Likewise, a subcontractor/supplier to the Principals asserted a claim under the payment bond. (DE 1, p. 10). Plaintiff satisfied these claims. (DE 1, p. 10). Plaintiff also retained a construction consultant to evaluate the claims and to assist Plaintiff in "tendering a replacement contractor to perform the subcontract work of . . . [YD Fence and Triax]." (DE 29-2, p. 3). On November 26, 2013, Plaintiff filed its Complaint. (DE 1). Only Defendant Casper filed an Answer. (DE 15).

Plaintiff then filed an Application for Entry of Default against the remaining Defendants, ultimately dismissed Defendant Rhodes without prejudice, and filed a Motion for Default

Judgment after the Clerk entered Default against Defendant Triax and Defendant YD Fence. (DE 19; 23-27). On April 15, 2014, the Clerk awarded Default Judgment against Defendant Triax and Defendant YD Fence exclusive of attorneys' fees, expenses, and taxable costs; explaining that the Court may award these only pursuant to Federal Rule of Civil Procedure (FED. R. CIV. P.) 54(d)(2) and Local Rule 54.01(a). (DE 28). On April 29, 2014, Plaintiff filed the instant Motion, supporting Memorandum, and affidavit, to which Defendants have not responded. (DE 29). Plaintiff also dismissed the claims against Defendant Casper without prejudice. (DE 37-38).

Plaintiff now asserts that the Triax Indemnity Agreement and the YD Fence Indemnity Agreement (the Indemnity Agreements) obligate Defendant Triax and Defendant YD Fence (Defendants) to reimburse Plaintiff for the fees, costs, and expenses incurred as a result of having issued the bonds and as a result of brining this action to enforce the Indemnity Agreements. (DE 29-1, p. 2). By Order dated April 30, 2014, the District Judge referred the Motion to the Magistrate Judge. (DE 30). Therefore, the matter is now properly before the Court.

## II. Legal Standard

### A. Costs

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The costs are those for which statutory authority exists as specified in 28 U.S.C. § 1920.[1] "The usual

---

[1] 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following:")
    **(1)** Fees of the clerk and marshal;
    **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    **(3)** Fees and disbursements for printing and witnesses;
    **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
    **(5)** Docket fees under section 1923 of this title;
    **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

procedure is for the clerk to fix the costs, after which a motion may be made for judicial review of the clerk's decision." *BDT Products, Inc. v. Lexmark Int'l, Inc.,* 405 F.3d 415, 417 (6th Cir. 2005)(*abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.,* 132 S. Ct. 1997 (2012). Before this usual procedure, however, and pursuant to 28 U.S.C. § 1920 and Local Rule 54.01(a), the prevailing party must file a "Bill of Costs" and supporting documentation.

### B. Attorneys' Fees and Expenses

Regarding indemnity agreements and provisions therein for attorneys' fees and expenses, Tennessee law governs the enforcement of these. *U.S. Fid. & Guar. Co. v. Weed*, No. 3:07-1150, 2009 WL 77262, at *3 (M.D. Tenn. Jan. 8, 2009)(citation omitted). To be clear, expenses are different than costs and a "Court [may] award[] . . . expenses pursuant to the indemnity agreement" at hand. *Ohio Farmers Ins. Co. v. Special Coatings, LLC,* No. 3:07-1224, 2009 WL 3517662, at *2 (M.D. Tenn. Oct. 26, 2009). Moreover, "like other contracts . . . , [indemnity agreements] are to be enforced according to their plain and unambiguous terms." *U.S. Fid. & Guar. Co.*, No. 3:07-1150, 2009 WL 77262, at *3. Under Tennessee law, "[w]hen seeking indemnification pursuant to a contract, 'there must be a clear and unequivocal expression of intention to indemnify.' " *Fid. & Guar. Ins. Co. v. S. Mech. Serv. Corp.,* No. 3:02-CV-137, 2005 WL 2417050, at *5 (E.D. Tenn. Sept. 30, 2005) (citation omitted). Finally, the Court may presume that a party to an indemnity agreement is aware of the terms in the agreement that he or she has signed. *See U.S. Fid. & Guar. Co.*, No. 3:07-1150, 2009 WL 77262, at *3.

Further, Federal Rules require, generally, that a "claim for attorney's fees and related nontaxable expenses must be made by motion . . . ." FED. R. CIV. P. 54(d)(2)(A). Still, "[e]ven where, as here, [D]efendants have not opposed [P]laintiff's motion for fees and expenses, the Court has an independent duty to review the fee request to determine its reasonableness." *State*

*Farm Fire & Cas. Co. v. Rowland Plumbing, Ltd.,* No. 5:11CV316, 2013 WL 5442302, at *2 (N.D. Ohio Sept. 27, 2013)(citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *see also Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir.2008)). To analyze the reasonableness of a fee request, the Court first determines the "lodestar," or "number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Then, the Court considers whether that amount should be adjusted in light of several factors, including the time and labor required.[2]

### III. Analysis

#### A. Provisions of the Indemnity Agreements

Plaintiff has submitted the affidavit of Jeffrey S. Price in support of the instant Motion. (DE 29-2). Therein, Plaintiff claims attorneys' fees in the amount of $10,556.00, and "expenses" in the amount of $548.80, for a total of $11,104.80.[3] (DE 29-2, p. 2). Plaintiff also claims additional expenses totaling $11,190.70; $8,190.70 that was spent to retain a construction consultant and $3,000.00 in obligations to Vaughn Contractors. (DE 29-2, p. 3).

Defendants do not contest the Indemnity Agreements or the terms providing for attorneys' fees and expenses. Moreover, there is nothing to suggest that the parties were unaware

---

2 A district court can consider the twelve factors from *Johnson v. Georgia Highway Express, Inc.* out of the Fifth Circuit. *See Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974) (*abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93(1989) ((1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.).

3 The Magistrate Judge notes that Plaintiff submitted an affidavit in support of its Motion for Default Judgment in March 2014 and requested attorneys' fees, costs, and expenses totaling $17,738.70. (DE 27-2). Between March and April, additional fees accrued. (DE 29-2, p. 1). The Magistrate Judge notes a minor error in the March request. If Plaintiff therein requested $11,190.70 in additional expenses, that would leave $6,548.00 in attorneys' fees. However, this amount only works out if the table that Plaintiffs now submit in the supporting affidavit is a chronological account of attorneys' fees and if Plaintiff added $136.00, instead of $1,362.00 at the eighth line. (DE 29-2, pp. 2-3). In other words, the amount requested in March should have totaled $18,964.70. However, this is now irrelevant since the table, inclusive of the $548.80 in "expenses," adds up to $11,104.80. This amount plus $11,190.70 is correctly $22,295.50, as requested herein.

of these terms. Defendant Triax agreed to indemnify Plaintiff against "all liability, loss, costs, damages, expenses, counsel and attorneys' fees whatsoever sustained or incurred by [Great American] by reason of executing said bond or bonds . . . , and in enforcing any of the agreements . . . ." (DE 1-1, p. 4). Defendant Triax also agreed that "an itemized statement . . . , or the voucher or vouchers or other evidence of such payment . . . , shall be conclusive evidence of the fact and extent of the liability of the undersigned . . . ." (DE 1-1, p. 4). The Magistrate Judge is persuaded that these terms in the Triax Indemnity Agreement are unambiguous.

Likewise, the terms in the YD Fence Indemnity Agreement are unambiguous. They provide that Plaintiff will be "indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) . . . ." (DE 1-2, p. 3). The agreement also provides that "vouchers, invoices, an affidavit or other evidence of any such payments made by [Great American] shall be prima facie evidence of the fact and amount of the [YD Fence Indemnitor's] liability . . . ." (DE 1-2, p. 3). Finally, the Magistrate Judge is persuaded that the provisions in the Indemnity Agreements indicate Defendants' unequivocal intention to indemnify Plaintiff.

### B. Costs

Plaintiff lists several items as "related expenses," including the filing fee for the Complaint, certified mail fees, PACER fees, and process server fees. (DE 29-2, p. 3). These amount to "expenses" of $548.80. (DE 29-2, p. 3). While Plaintiff describes these as expenses, at least the filing fees and process server fees are considered costs under 28 U.S.C. § 1920. *See Ohio Farmers Ins. Co., LLC,* No. 3:07-1224, 2009 WL 3517662, at \*2. Moreover, until Plaintiff files a Bill of Costs and the required documentation, the Magistrate Judge cannot analyze the reasonableness of the requested costs. Therefore, the Magistrate Judge recommends that the

Court order Plaintiff to file a Bill of Costs pursuant to 28 U.S.C. §§ 1920 and 1924 and Local Rule 54.01(a).

### C. Attorneys' Fees and Expenses

Plaintiff's uncontested claim for expenses totaling $11,190.70 is straightforward. The Magistrate Judge is persuaded that Plaintiff has submitted sufficient evidence by affidavit to establish prima facie evidence of Defendants' liability as to these expenses. (DE 29-2, pp. 3-4).

Plaintiff's uncontested claim for attorneys' fees is more complicated. The Magistrate Judge is persuaded that the rates of $180.00 to $200.00 are reasonable and commensurate with prevailing rates for the attorneys' work. *See Siddle v. Crants*, No. 3:09-CV-00175, 2013 WL 1245678, at *n.16 (M.D. Tenn. Mar. 26, 2013), *appeal dismissed (Nov. 4, 2013), appeal dismissed (Nov. 20, 2013).* However, the Magistrate Judge finds that not all of the hours should be awarded at these rates because there are multiple instances where the associate or partner completed clerical tasks, namely "filing," that a paralegal could have completed at a lower rate. (DE 29-2, pp. 3-4). The Court may reduce a fee award in light of clerical tasks that lawyers performed such as "receiving, reviewing and filing or drafting correspondence." *B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 666 (6th Cir. 2008). Out of approximately forty distinctly described tasks, there are at least six instances of filing of various documents, which amounts to 15% of the hours reported. (DE 29-2, pp. 3-4).

In light of this, the Magistrate Judge recommends that the Court award 15% of the hours at a rate of $75.00 for paralegal performance. *See E.E.O.C. v. Whirlpool Corp.*, No. 3:06-CV-0593, 2011 WL 3321291, at *3 (M.D. Tenn. Aug. 2, 2011)(finding $75.00 to be a reasonable rate for paralegal work). Plaintiff reports that 57.7 total hours were spent on the case. 15% of 57.7 total hours equals 8.655 hours. Since the Associate worked the lion's share, 8.655 of the

Associate's hours should be adjusted, as shown below. This results in a decrease of $908.77 in the fee award.

| Individual | Rate & Hours Requested | Fees Requested | Adjusted Rate & Hours | Adjusted Fees |
|---|---|---|---|---|
| Partner | $200.00 x 8.5 hours | $1,700.00 | *N/A* | *$1,700.00* |
| Associate | $180.00 x 49.2 hours | $8,856.00 | *$75.00 x 8.655 hours (15% of the total 57.7 hours)* | *$649.13* |
|  |  |  | *$180.00 x 40.545 hours (Remaining Associate hours)* | *$7,298.10* |
| **Totals** |  | $10,556.00 |  | *$9,647.23* |

### IV. Conclusion

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that the Court **GRANT** Plaintiff's Motion in part and **DENY** it in part. The Magistrate Judge **RECOMMENDS** that the Court **GRANT** Plaintiff's Motion as to the attorneys' fees in the amount of $9,647.23 instead of the $10,556.00 requested, and that the Court **GRANT** Plaintiff's Motion for the additional expenses totaling $11,190.70. The Magistrate Judge **RECOMMENDS** that the Court find Defendants jointly and severally liable for these fees and expenses. The Magistrate Judge also **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for "expenses," which are actually costs in the amount of $548.80, and order Plaintiff to file a Bill of Costs pursuant to 28 U.S.C. §§ 1920 and 1924, and Local Rule 54.01(a).

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a

waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 8th day of January, 2015

                                                                /s/John S. Bryant_____
                                                                John S. Bryant
                                                                 United States Magistrate Judge